1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   PEDRO DeROBLES,                                     )   1:07-cv-00177-AWI-TAG HC
                                                        )
8                          Petitioner,                  )   ORDER REQUIRING RESPONDENT TO
                                                        )   SUBMIT ANSWER ADDRESSING MERITS
9          v.                                           )   OF PETITION
                                                        )
10                                                      )   ORDER REQUIRING RESPONDENT TO
     DENNIS SMITH, et al.,                              )   SUBMIT NOTICE OF APPEARANCE
11                                                      )
                           Respondents.                 )   ORDER DIRECTING CLERK OF COURT
12                                                      )   TO SERVE DOCUMENTS

13

14          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

15   pursuant to 28 U.S.C. § 2241.

16          Writ of habeas corpus relief extends to a person in custody under the authority of the United

17   States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

18   constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

19   § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

20   bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g.,  Capaldi v. Pontesso,

21   135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994);

22   Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);  United States v. Jalili, 925 F.2d

23   889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States

24   v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);  Brown v. United States, 610 F.2d 672, 677 (9th

25   Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file

26   the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

27          In this case, Petitioner contends that the Bureau of Prisons has wrongfully denied his

28   application to the Bureau of Prisons 500-hour Residential Drug Rehabilitation Program and has

U.S. District Court
E. D. California          cd                                    1

1  wrongfully ignored the recommendations of the sentencing court that Petitioner be placed in said

2  program.  Petitioner is challenging the execution of his sentence rather than the imposition of that

3  sentence.  Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is

4  currently incarcerated at Federal Prison Camp, Atwater, California, and that facility is within the

5  Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. See

6  U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

7  **ORDER**

8  　　　　Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court

9  HEREBY ORDERS:

10  　　　1.　　Respondent SHALL FILE an ANSWER addressing the merits of the Petition within

11  　　　　　　**SIXTY (60)** days of the date of service of this order. Respondent shall include with

12  　　　　　　the response any and all transcripts or other documents relevant to the resolution of

13  　　　　　　the issues presented in the petition, including copies of appeals taken by a prisoner

14  　　　　　　within the prison and before the Bureau of Prisons.[2]  Rule 5 of the Rules Governing

15  　　　　　　Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government

16  　　　　　　and/or the Institution[3] may wish to respond on separate issues raised in the Petition.

17  　　　　　　However, the Court will accept only one (1) "Answer."  Such Answer SHALL

18  　　　　　　CONTAIN all argument with respect to all of the issues raised in the Petition,

19  　　　　　　whether formulated by Counsel for the Government or the Institution.

20

21  　　　[1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those

22  brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such

23  proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

24  　　　[2]In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized

25  printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means

26  (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case.  This includes any *internal* prison policies of which a prisoner complains and is subject to.

27  　　　[3]Counsel for the "Institution" means, where applicable, private Counsel representing contracted facilities such as

28  Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

2.     Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order.  The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution.  The Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court.  The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

3.     Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

4.     The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **January 7, 2008**                         **/s/ Theresa A. Goldner**
                                                  UNITED STATES MAGISTRATE JUDGE